**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

CARMEN S. TIRADO-ORTIZ,

Plaintiff,

v.

MICHELLE KING, Acting Commissioner
of Social Security,

Defendant.

CIVIL NO. 24-1347 (HRV)

## ORDER

Plaintiff Carmen S. Tirado-Ortiz ("Tirado-Ortiz") sought review of the decision of the Acting Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits under the Social Security Act. (Docket No. 3). On January 14, 2025, a consent motion requesting remand was filed by the Commissioner. (Docket No. 19). On that same date, I granted the motion for remand and entered judgment remanding the action for further administrative proceedings. (Docket Nos. 20, 21).

Pending before the Court is Tirado-Ortiz's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docket No. 22). Plaintiff contends that all statutory requirements for an award of attorney's fees under EAJA are met in this case and moves the court to award a total of $6,703.78 calculated at an hourly rate of $244.62. (*Id.*) Plaintiff further submits that the court should find

reasonable the 26.9 hours billed for the work performed by counsel as well as 1.3 legal assistant hours. (*Id.* at 2).

The Commissioner responded to Tirado-Ortiz' motion expressing no objection to the award of attorney's fees under EAJA but noting that it had previously communicated to her counsel that she had no objection to an award of $3,608.14. (Docket No. 24).[1]

After carefully considering Plaintiff's request and the record, I find that the requested award of fees is warranted under the statute and that the amount requested is reasonable.  Therefore, her application for an award of attorney's fees (Docket No. 22) is **GRANTED**.  Plaintiff is awarded the sum of **$6,703.78**.

This award is in full satisfaction of all claims for fees, expenses, and costs, and may be paid directly to plaintiff's attorney provided that Plaintiff owes no debt to the Federal Government that is subject to offset under the U.S. Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 171 L. Ed. 2d (2010).

**IT IS SO ORDERED**

In San Juan, Puerto Rico this 12th day of February, 2025.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that the Commissioner suggests the lower amount pursuant to the $125 cap set by 28 U.S.C. § 2412(d)(2)(A), I find that the adjusted rate requested by Plaintiff is justified to account for a cost-of-living increase. *Id.*; *Diggett v. Berryhill*, 292 F. Supp. 3d 581, 584 (D.R.I. 2017).